[No. 5037.]

## CHARLES McLAUGHLIN v. J. M. FOWLER.

LAND GRANTED TO THE CENTRAL PACIFIC RAILROAD COMPANY. — Land included within the exterior boundaries of a Mexican grant, an application for the confirmation of which was pending when the grants were made to the Central Pacific Railroad Company by the Acts of Congress passed July 1st, 1862, and July 2nd, 1864, and which grant was afterwards rejected, did not pass to said Railroad Company by said Acts of Congress.

CASES OVERRULED.—*Central Pacific Railroad Co.* v. *Yelland, Same* v. *Robinson,* and *Kaiser* v. *McLaughlin,* overruled in above case.

On the 18th day of February, 1869, McLaughlin entered into a contract with Fowler to sell him the west half and the northeast quarter of the northeast quarter, and the northwest quarter of the southeast quarter, and the west half and the northeast quarter of the northwest quarter, and the northwest quarter of the southwest quarter of section seventeen, township three north of range six east of Mount Diablo base and meridian, containing, according to the United States Surveys, three hundred and twenty acres, and to execute to him a deed after a patent had been issued to the Western Pacific Railroad Company for the land. Fowler paid him $960, and was to pay him the further sum of $2,880 when the deed was delivered. The land was within the limits of the grant to the Central Pacific Railroad Company of California, made by the Acts of Congress passed July 1st, 1862, and July 2nd, 1864. The Western Pacific Railroad Company had acquired the title of the Central Pacific Railroad Company of California. On the 9th day of April, 1870, the United States issued to the Western Pacific Railroad Company a patent for the land. On the 22nd day of June, 1870, the Western Pacific Railroad Company and the Central Pacific Railroad Company consolidated under the name of the Central Pacific Railroad Company. April 5th, 1871, the Central Pacific Railroad Company conveyed the land to McLaughlin. McLaughlin afterwards tendered to Fowler a deed, and demanded the remainder of the purchase-money. Fowler refused to pay it. This action was brought to enforce the contract by obtaining a decree for the sale of the land for the balance of the purchase-money. The land was within the exterior limits of a Mexican grant called " Los Moquelomnes," made to Andres Pico. Pico applied for a confirmation of the grant, and the same was confirmed by the Board of Land Commissioners. An appeal was taken to the District Court of the United States for the Northern District of California, and on the 24th of April, 1857, the grant was again confirmed. An appeal was taken to the Supreme Court of the United States, and at the December term, 1859, the decree of the District Court was reversed, and the cause remanded for further proceedings.

On the 4th day of June, 1862, the District Court rejected the grant. An appeal was again taken to the Supreme Court of the United States, and at the December term, 1864, the decree of the District Court was affirmed. The defendant and his grantor had been in possession of the land ten or fifteen years before the commencement of the action, to wit, July 26th, 1871. The United States, on the 3rd day of October, 1871, issued a patent for the land to Damon, the defendant's grantor. This patent recited that the land had been inadvertently included in the patent of April 9th, 1870, to the Western Pacific Railroad Company. The Court gave judgment for the defendant for the nine hundred and sixty dollars he had paid. The plaintiff appealed from the judgment and from an order denying a new trial.

*Tully R. Wise*, for the Appellant, cited the cases in the 49 Cal. mentioned in the opinion.

*D. S. Terry*, for the Respondent, cited *Newhall v. Sawyer*, 92 U. S. (2 Otto) 761.

By the Court, McKinstry, J.:

The determination of this case depends upon the proper construction of certain statutes of the United States. The precise question presented has been passed upon by the Supreme Court of the United States, in *Newhall v. Sanger*, 92 U. S. R. 761. *Newhall v. Sanger* overrules *Central Pacific R. R. Co. v. Yolland; Same v. Robinson*, and *Kaiser v. McLaughlin*, 49 Cal. 438, 446, 449.

Judgment and order affirmed.

Neither Mr. Chief Justice Wallace nor Mr. Justice Rhodes expressed an opinion.